IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES HICKS, #246241, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:07-CV-141-WHA |
| ) | [WO] |
| ) | |
| ALA. DEPT. OF CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, Charles Hicks ["Hicks"], a state inmate and frequent litigant in this court, complains that he has been confined at the Frank Lee Youth Center since June of 2006 despite his completion of a drug treatment program and has been denied an annual classification review. Hicks names the Alabama Department of Corrections, Richard Allen, commissioner of the Alabama Department of Corrections, John Cummings, warden of the Frank Lee Youth Center, Harold Burton, a captain at such facility, and Debra Martin, his classification specialist, as defendants in this cause of action. Hicks seeks declaratory and injunctive relief for the alleged violations of his constitutional rights

Upon review of the complaint, the court concludes that this case is due to be dismissed with prejudice prior to service of process upon application of the provisions set forth in 28

U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

## II.  DISCUSSION

### A.  The Alabama Department of Corrections

Hicks names the Alabama Department of Corrections as a defendant in this cause of action.  A state and its agencies are entitled to absolute immunity from suit, *Papasan v. Allain*, 478 U.S. 265 (1986).  Additionally, state agencies are not persons within the meaning of 42 U.S.C. § 1983.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65, 109 S.Ct. 2304, 2309 (1989). Thus, the plaintiff's claims against this defendant are frivolous as they are "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]  Such claims are therefore subject to dismissal pursuant to the directives of 28 U.S.C.§ 1915(e)(2)(B)(i).

### B.  Respondeat Superior

The claims presented by Hicks relate to the actions and/or inactions of defendant Martin.  Thus, it is apparent that defendants Allen, Cummings and Burton are sued due to their holding supervisory positions.  However, the law is well settled that a defendant cannot be held liable in an action brought pursuant to 42 U.S.C. § 1983 under the theory of

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's claims prior to service of process if it determines that the complaint contains claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[2] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to 28 U.S.C. § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

respondeat superior or on the basis of vicarious liability. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-92, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978); *Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994); *LaMarca v. Turner,* 995 F.2d 1526, 1538 (11th Cir.1993), *cert. denied,* 510 U.S. 1164, 114 S.Ct. 1189, 127 L.Ed.2d 539 (1994). In light of the foregoing, the court concludes that the plaintiff's claims against defendants Allen, Cummings and Burton lack an arguable basis in law and are therefore subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke*, 490 U.S. at 327.

### C. Classification

To the extent Hicks challenges his classification level due to defendant Martin's failure to conduct a timely annual review, he is entitled to no relief. An inmate confined in the Alabama prison system has no constitutionally protected interest in the procedure affecting his classification level because the resulting restraint, without more, does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Thus, the failure to conduct a classification review does not implicate the Constitution and this claim is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

### D. Confinement at the Frank Lee Youth Center

1. <u>The Due Process Claim</u>. Hicks asserts that defendant Martin has assigned him to incarceration at the Frank Lee Youth Center "for no reason at all" in violation of his due

3

process rights. *Plaintiff's Complaint* at 3. A convicted prisoner has no constitutionally protected right to confinement in a particular penal facility. *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Thus, an inmate may be confined in any correctional facility without implicating the prisoner's constitutional rights. *Id.*; *see also Montanye v. Haymes*, 427 U.S. 236, 242 (1976). Although the plaintiff's confinement at the Frank Lee Youth Center may entail "more burdensome conditions" than that of a lower security level facility, such confinement is "'within the normal limits or range of custody which the conviction has authorized the State to impose.' *[Meachum,* 427 U.S. at 225]; *see also Montanye v. Haymes,* 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976)." *Sandin*, 515 U.S. at 478. Consequently, the failure to transfer Hicks to a correctional facility of his choosing does not rise to the level of a constitutional violation and such claim therefore provides no basis for relief in this 42 U.S.C. § 1983 action.

    2. <u>Cruel and Unusual Punishment</u>. Hicks contends that his confinement at the Frank Lee Youth Center rather than a lower security facility for which he is eligible constitutes cruel and unusual punishment. This claim is likewise without merit. As previously noted, an inmate may be confined in any correctional facility without implicating the prisoner's constitutional rights. *Meachum*, 427 U.S. at 224; *Montanye*, 427 U.S. at 242. Moreover, the Eighth Amendment proscribes only those conditions of confinement which deprive an inmate of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see also Wilson v. Seiter*, 501 U.S. 294 (1991). Neither classification

4

of an inmate in a higher custody level nor his confinement in a more secure correctional facility alleges a sufficiently grave deprivation so as to rise to the level of cruel and unusual punishment.  Consequently, the Eighth Amendment claims set forth in the instant complaint are subject to summary dismissal pursuant to directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)

It is further

ORDERED that on or before March 7, 2007 the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d

33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 22nd day of February, 2007.

                    /s/Charles S. Coody
                CHARLES S. COODY
                CHIEF UNITED STATES MAGISTRATE JUDGE